Allison Lane (SBN 152384)
Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail:alane@duanemorris.com
　　　jfields@duanemorris.com

Attorneys for Defendant
Bernadette Broccolo

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. MICHAEL WILLIAMS, an individual, and IMMUNOGENETIC.COM, INC., a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>McDERMOTT, WILL & EMERY, an Illinois Limited Liability Partnership, and BERNADETTE BROCCOLO, an individual,<br><br>　　　　　　Defendants. | Case No.: 4:21-cv-04731-SBA<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; AND FRAUD AND DECEIT**<br><br>Judge:  Honorable Saundra B. Armstrong<br>Complaint Filed:　June 21, 2021 |

　　　Defendant Bernadette Broccolo ("Broccolo") answers Plaintiffs R. Michael Williams and

Immunogenetic.com, Inc.'s First Amended Complaint, Case Number 4:21-cv-04731-SBA, as

follows:

## JURISDICTION AND VENUE

　　　1.　　Broccolo admits that she is a resident of Illinois. Broccolo denies that she is a

properly named defendant.

　　　2.　　Broccolo admits the allegations of paragraph 2.

　　　3.　　The allegations of paragraph 3 are not factual and therefore do not require a response.

/ / /

/ / /

**PARTIES**

4.      On information and belief, Broccolo admits the allegations of paragraph 4.

5.      Broccolo admits that Immunogenetic.com is a Delaware corporation, but is without sufficient knowledge or information to admit or deny the remainder of paragraph 5.

6.      Broccolo admits the allegations of paragraph 6.

**FACT ALLEGATIONS**

7.      Broccolo admits that she had performed legal work for Williams or certain of his entities prior to the matters alleged in the complaint. Broccolo denies the existence of an ongoing attorney-client relationship "since the 1990's."

8.      Broccolo denies that as of August 2019, Williams "had developed some valuable Intellectual Property ('IP')[.]" Broccolo admits that as of August 2019, Williams asked her firm, McDermott Will & Emery LLP ("MWE"), to set up a new corporation. Broccolo denies that "Williams had ho [sic] interest in hiring MWE apart from hiring Broccolo." Broccolo is without sufficient knowledge or information to admit or deny the remainder of paragraph 8.

9.      The first sentence of paragraph 9 regarding "the only actual or even possible client" is a conclusory legal assertion and therefore requires no response. Broccolo denies the remainder of the allegations of paragraph 9.

10.      Broccolo admits that the August 14, 2019 engagement agreement is genuine and is signed by her. Broccolo denies the remainder of the allegations of paragraph 10.

11.      Broccolo admits that MWE agreed to provide legal services. Broccolo denies the allegations of the remainder of paragraph 11.

12.      Broccolo admits that on August 16, 2019, Williams emailed to her two documents. Broccolo denies the allegations of the remainder of paragraph 12.

13.      Broccolo denies the allegations of paragraph 13.

14.      Broccolo admits that she told Williams that MWE would staff the matter appropriately, but denies the remainder of the allegations of paragraph 14.

15.      Broccolo denies the allegations of paragraph 15.

16.      Broccolo denies the allegations of paragraph 16.

2

17. Broccolo denies the allegations of paragraph 17.

18. Broccolo admits that the corporation was incorporated in Delaware and registered with the California Secretary of State as a foreign corporation qualified to do business in California. Broccolo denies the allegations of the remainder of paragraph 18.

19. Broccolo is without sufficient knowledge or information to admit or deny the allegations of paragraph 19.

20. Broccolo admits that she spoke with Williams on May 15, 2020 regarding a potential patent for technology other than that alleged and defined as "IP" in the complaint. Broccolo denies the allegations of the remainder of paragraph 20.

21. Broccolo admits that the August 14, 2019 engagement agreement is genuine and is signed by her, and that she sent a new engagement agreement dated June 12, 2020. Broccolo denies the remainder of the allegations of paragraph 21.

22. Broccolo admits that the June 12, 2020 engagement agreement is genuine.

23. The content of the referenced letter speaks for itself. Broccolo denies the allegations of the remainder of paragraph 23.

24. Broccolo denies the allegations of paragraph 24.

25. Broccolo denies the allegations of paragraph 25.

26. Broccolo denies the allegations of paragraph 26.

### FIRST CLAIM FOR RELIF [sic]: LEGAL MALPRACTICE

27. Broccolo incorporates by reference her responses to paragraphs 1 through 26.

28. Broccolo admits that she owed a legal duty to Plaintiffs only insofar as the applicable engagement agreement(s) and law would provide; Broccolo denies the allegations of the remainder of paragraph 28.

29. Broccolo denies the allegations of paragraph 29.

30. Broccolo denies the allegations of paragraph 30.

/ / /

/ / /

/ / /

3

DEF'S ANSWER TO PLAINTIFFS' FAC FOR LEGAL MALPRACTICE;                    CASE NO.: 4:21-CV-04731-SBA
BREACH OF FIDUCIARY DUTY; AND FRAUD AND DECEIT

1

**SECOND CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTIES**

2

31.     Broccolo incorporates by reference her responses to paragraphs 1 through 30.

3

32.     Broccolo denies that she owed plaintiffs "a fiduciary duty to preserve and protect

4

Plaintiffs' interests, rights, and opportunities."

5

33.     Broccolo denies the allegations of paragraph 33.

6

34.     Broccolo denies the allegations of paragraph 34.

7

35.     Broccolo denies the allegations of paragraph 35.

8

**THIRD CLAIM FOR RELIEF – FRAUD AND DECEIT**

9

36.     Broccolo incorporates by reference her responses to paragraphs 1 through 35.

10

37.     Broccolo admits that she told Williams that MWE would require a new engagement

11

agreement in June 2020 because the proposed representation of the Company was for a new

12

intellectual property matter (not involving the technology alleged and defined as "IP" in the

13

complaint), and all new matters, as a matter of firm policy, require a new engagement agreement.

14

Broccolo denies the allegations of the remainder of paragraph 37.

15

38.     Broccolo denies the allegations of paragraph 38.

16

39.     Broccolo denies the allegations of paragraph 39.

17

40.     Broccolo denies the allegations of paragraph 40.

18

41.     Broccolo denies the allegations of paragraph 41.

19

42.     Broccolo denies the allegations of paragraph 42.

20

As separate affirmative defenses to the Complaint, Broccolo alleges:

21

**AFFIRMATIVE DEFENSE NUMBER ONE**

22

**(Failure To State A Cause Of Action)**

23

Plaintiffs' complaint does not state facts sufficient to constitute a cause of action against

24

Broccolo.

25

**AFFIRMATIVE DEFENSE NUMBER TWO**

26

**(Comparative Fault of Plaintiff)**

27

Plaintiffs failed to exercise reasonable care concerning the conduct, events and matters

28

alleged in the complaint. The negligence of plaintiffs proximately caused or contributed to the

damages sustained by plaintiffs, if any. Accordingly, any damages to which plaintiffs might be entitled should be reduced by the amount of fault attributable to plaintiffs.

### AFFIRMATIVE DEFENSE NUMBER THREE

#### (Comparative Fault of Plaintiffs' Agents)

Plaintiffs' agents failed to exercise reasonable care concerning the conduct, events, and matters alleged in the complaint. Plaintiffs' agents' negligence proximately caused or contributed to the damages sustained by plaintiffs, if any. Accordingly, any damages to which plaintiffs might be entitled should be reduced by the amount of fault attributable to plaintiffs' agents.

### AFFIRMATIVE DEFENSE NUMBER FOUR

#### (Consent and Ratification)

Plaintiffs were fully advised concerning the conduct, events and matters alleged in the complaint. Plaintiff consented to and/or ratified the actions of Broccolo concerning such conduct, events and matters. As a result, plaintiffs are barred from recovering damages, if any.

### AFFIRMATIVE DEFENSE NUMBER FIVE

#### (Failure to Mitigate)

Plaintiffs had a duty to take reasonable steps to mitigate their damages, if any. Plaintiffs failed to take any such steps, delayed in doing so, or took steps that compounded the alleged damages. Had plaintiffs timely and diligently taken reasonable steps to mitigate the alleged damages, they would have been reduced or avoided all together. By failing to mitigate, plaintiffs are barred, in whole or in part, from recovering damages, if any.

### AFFIRMATIVE DEFENSE NUMBER SIX

#### (Failure to Join a Necessary Party)

In their effort to create diversity jurisdiction where none would otherwise exist, Plaintiffs have failed to join a party that is or may become necessary, namely, MWE.

### AFFIRMATIVE DEFENSE NUMBER SEVEN

#### (Statute of Limitations)

The complaint is barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, 339, 340, 343 and 340.6.

5

**AFFIRMATIVE DEFENSE NUMBER EIGHT**

**(Estoppel)**

Plaintiffs are estopped from asserting the allegations and/or causes of action in their complaint because of plaintiffs' own acts, omissions, and/or conduct.

**AFFIRMATIVE DEFENSE NUMBER NINE**

**(Waiver)**

Plaintiffs knowingly, intentionally, and voluntarily waived either expressly or implicitly, the causes of actions and claims for relief alleged in the Complaint

**AFFIRMATIVE DEFENSE NUMBER TEN**

**(Laches)**

By reason of Plaintiffs' acts and omissions, Plaintiffs are barred by the doctrine of laches from recovering damages, if any.

**AFFIRMATIVE DEFENSE NUMBER ELEVEN**

**(Unknown Defenses)**

Broccolo presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, defenses available. Broccolo reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**<u>PRAYER</u>**

Broccolo prays that judgment be entered against plaintiffs as follows:

1.      Dismissing the First Amended Complaint in its entirety, and with prejudice, and adjudicating that plaintiffs are owed nothing from Defendant;

2.      Judgment in favor of Broccolo; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

3.      An award to Broccolo of costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: November 23, 2021                          **DUANE MORRIS LLP**

By:     /s/ Allison Lane
            Allison Lane
            Justin J. Fields
            Attorneys for Defendant
            Bernadette Broccolo

DEF'S ANSWER TO PLAINTIFFS' FAC FOR LEGAL MALPRACTICE;          CASE NO.: 4:21-CV-04731-SBA
BREACH OF FIDUCIARY DUTY; AND FRAUD AND DECEIT