Allison Lane (SBN 152384)
Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail: alane@duanemorris.com
         jfields@duanemorris.com

Attorneys for Defendant
Bernadette Broccolo

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. MICHAEL WILLIAMS, an individual, and IMMUNOGENETIC.COM, INC., a Delaware corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>McDERMOTT, WILL & EMERY, an Illinois Limited Liability Partnership, and BERNADETTE BROCCOLO, an individual,<br><br>          Defendants. | Case No.: 4:21-cv-04731-SBA<br><br>**DEFENDANT BERNADETTE BROCCOLO'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO PROVIDE THEIR INITIAL DISCLOSURES UNDER FED. R. CIV. PROC. 26; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:<br>Time:<br>Crtrm:      TBD<br><br>Judge: Honorable Saundra B. Armstrong<br>Complaint Filed:   June 21, 2021 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2022 at _____ a.m./p.m. or as soon thereafter as the matter may be heard in a Courtroom TBD (courtroom assignment will be posted to the public calendar approximately 5 days before the calendar date) of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, Defendant Bernadette Broccolo ("Defendant") will and hereby does move to compel Plaintiffs R. Michael Williams and Immunogentic.com, Inc. (collectively, "Plaintiffs") to provide their initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

This motion is made pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure as discussed in the accompanying papers.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Justin J. Fields, all pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of the hearing.

Dated: January 19, 2022                         **DUANE MORRIS LLP**

By:_____
    Allison Lane
    Justin J. Fields
    Attorneys for Defendant
    Bernadette Broccolo

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

Because Plaintiffs failed to serve their initial disclosures that were due on December 20, 2021, after repeated promises to do so, Defendant requests an order compelling Plaintiffs to serve them immediately.

The parties agreed that they would exchange their initial disclosures under Rule 26 on December 20, 2021. They reflected that agreement in their joint case management statement to this Court. ECF No. 32, Section 7 ("**7. Disclosures** [¶] The parties agree to exchange initial disclosures by December 20, 2021.").

Defendant timely served her initial disclosures on December 20, 2021, as agreed. Declaration of Justin J. Fields ("Fields Decl."), ¶2. Plaintiffs did not – and have not – served their disclosures.

On December 21, 2021, Defendant's counsel wrote to Plaintiffs' counsel, reminding him of the parties' agreement to exchange disclosures by December 20. (Fields Decl., Ex. A.) Plaintiffs' counsel responded on December 21 to say that Plaintiffs would serve their disclosures no later than December 31. *Id.* (Plaintiffs' counsel: "We need some additional time. I believe I can get these to you by the end of the year, i.e., by Friday, December 31.").

On December 30, 2021, Plaintiffs' counsel then stated that Plaintiffs would not serve their initial disclosures until "next week." Fields Decl., Ex. B (Plaintiffs' counsel: "With regard to our Rule 26 initial disclosures, this turned out to not be a good week to get that or much else done. I will get those to you next week."). The week of January 4 came and went, without service of the initial disclosures.

On January 11, 2022, Defendants' counsel followed-up yet again. (Fields Decl., Ex. C.) In its January 11 letter, Defendant's counsel observed that three weeks had already passed from the agreed upon exchange date. The letter indicated that Defendant would wait until January 14 to seek this Court's intervention. Defendant then waited even longer, until January 19, to file this motion, hoping it would be unnecessary. Plaintiffs' counsel to date has not responded to the January 11 letter or given any indication as to whether or when Plaintiffs will serve initial disclosures.

Defendant also notes that Plaintiffs went to great lengths to secure this forum through

diversity jurisdiction, including dropping in this purported legal malpractice action former defendant McDermott Will & Emery LLP, following a Rule 12 motion to dismiss for lack of diversity jurisdiction. Having contorted their case to have the benefit of this forum, Plaintiffs should willingly play by its rules.

## II.     ARGUMENT

Rule 26(a)(1) directs litigants to serve initial disclosures without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1). Failure to comply with this Rule authorizes any other party to move to compel disclosure and for appropriate sanctions. See Fed. R. Civ. P. 37(a)(3)(A). Initial disclosures must be made within 14 days of the parties' Rule 26(f) conference or as otherwise agreed upon by the parties. Fed. R. Civ. P. 26(a)(1)(C). Where a motion to compel is granted – or the disclosure provided after the motion was filed – the moving party is entitled to its reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

Here, the parties formally agreed to exchange initial disclosures on December 20, 2021. ECF No. 32, Section 7. Defendant repeatedly followed-up and inquired with Plaintiffs whether they would serve their initial disclosures. Fields Decl., Exs. A, C. After three weeks of getting the run around, Defendant's counsel on January 11 warned Plaintiffs' counsel that Defendant would file this motion if the initial disclosures were not received by January 14, specifically noting that Defendant was waiting until that time in the hope of avoiding this very motion. *Id*. Defendant then even waited longer – until January 19 – to file this Motion. Still, Plaintiffs did not serve initial disclosures or respond to Defendant's January 11 letter.

Though warranted for Plaintiffs' unjustified failure to serve initial disclosures, Defendant has not sought attorney's fees for having to make this motion, but will likely do so in the future should Plaintiffs fail to comply with basic discovery obligations again.

Unfortunately, Plaintiffs' failure to comply with this most basic of discovery requirements – and their radio silence in response to Defendant's January 11 – is par for the course. Plaintiffs originally filed a barebones complaint without any factual allegations. Plaintiffs then caused Defendant to incur the time and expense of moving to dismiss only to file an amended complaint right after Defendant filed its reply brief. Before that, Plaintiffs waited months to serve their

complaint, even after Defendant had agreed to accept service through her firm. At the right time, Defendant will address its serious concern regarding the "merits" of Plaintiffs' complaint. Suffice it to say, the perplexing discovery issue presently before the Court, wherein Plaintiffs have failed to provide fundamental information about their purported claims as required by Rule 26, reinforces Defendant's concern that this matter is not being pursued in good faith.

### III.  CONCLUSION

Defendant request an order compelling Plaintiffs to serve their initial disclosures immediately or else face more serious consequences.

Dated: January 19, 2022                    **DUANE MORRIS LLP**

By: /s/ Justin Fields
Allison Lane
Justin J. Fields
Attorneys for Defendant
Bernadette Broccolo